1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID B. JOHNSON,

11            Plaintiff,                    No. CIV S-07-2002 FCD EFB P

12        vs.

13   R. J. SUBIA, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel suing under 42 U.S.C. § 1983.  He seeks leave

17   to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  The case was referred to this court by

18   Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  He must

21   make monthly payments of 20 percent of the preceding month's income credited to his trust

22   account. *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward

23   payments from plaintiff's account to the Clerk of the Court each time the amount in the account

24   exceeds $10 until the filing fee is paid.

25   ////

26   ////

1

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims for retaliation against defendants C. Campbell and R. L. Heise.  *See* 28 U.S.C. § 1915A.

For the reasons explained below, the complaint does not state a cognizable claim against defendants R. Williams or R. J. Subia.

Plaintiff alleges that R. Williams denied him due process in the disciplinary hearing on the charge that plaintiff committed a battery on defendant Campbell.  Plaintiff alleges that he was found guilty of the charge and lost 150 days of time credit, but there was not sufficient evidence to support the finding of guilt.  A complaint must be dismissed for failure to state a claim if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  This rule applies to a prisoner's challenge to disciplinary procedures resulting in the loss of time credits.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  Here, if the court were to find that the evidence was not sufficient to sustain the finding of guilt, that necessarily would imply the invalidity of the decision to revoke plaintiff's time credits.  Thus, unless petitioner can demonstrate that prison officials restored his time credits or that the disciplinary conviction was set aside or somehow invalidated, he cannot proceed on this claim.

Plaintiff makes no specific allegations against defendant Subia.  This defendant was the Acting Warden of Mule Creek State Prison at the time of the events giving rise to this action. Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right.  42 U.S.C. § 1983.  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Absent some particular

participation in an alleged constitutional violation, supervisors are not subject to liability under §

1983.  Thus, to state a claim against a supervisor who did not personally inflict the injury

alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop

them from acting, knowing or having reasonable cause to know they would inflict injury; (2)

approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to

avoid such injury as to demonstrate reckless or callous indifference to constitutional injury.

*Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc);  *Taylor v. List*,

880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989);

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930,

937 & fn. 4 (9th Cir. 2002).  Given the absence of specific allegations against this defendant,

plaintiff fails to state a claim for relief.

Plaintiff may proceed forthwith to serve defendants C. Campbell and R. L. Heise and

pursue his claims against only those defendants, or he may delay serving any defendant and

attempt to state a cognizable claim against defendants R. Williams and R. J. Subia.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

defendants R. Williams and R. J. Subia, he has 30 days so to do.  He is not obligated to amend

his complaint.

If plaintiff elects to proceed forthwith against defendants C. Campbell and R. L. Heise,

against whom he has stated a cognizable claim for relief, then within 20 days he must return

materials for service of process enclosed herewith.  In this event the court will construe

plaintiff's election as consent to dismissal of all claims against defendants R. Williams and R. J.

Subia without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is

brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It

must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

who personally participated in a substantial way in depriving plaintiff of a federal constitutional

right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1179-80  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

        If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

        An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

        By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

        A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  By signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants C. Campbell and R. L. Heise.

////

////

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the statutory filing fee of $350. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants R. Williams and R. J. Subia are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants C. Campbell and R. L. Heise. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed September 25, 2007, two USM-285 forms and instructions for service of process on defendants C. Campbell and R. L. Heise. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed September 25, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants C. Campbell and R. L. Heise will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants R. Williams and R. J. Subia without prejudice.

Dated: April 2, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID B. JOHNSON,

11            Plaintiff,                    No. CIV S-07-2002 FCD EFB P

12       vs.

13   R. J. SUBIA, et al.,

14            Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16       Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18            ___1___       completed summons form

19            ___2___       completed forms USM-285

20            ___3___       copies of the ___September 25, 2007___
                                          Complaint

21

22   Dated:

23                                _____
                                              Plaintiff

24

25

26