IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. JOHNSON,

      Plaintiff,                      No. CIV S-07-2002 FCD EFB P

    vs.

R. J. SUBIA, et al.,

      Defendants.              ORDER

_____/

      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On April 2, 2008, the court found that plaintiff stated a claim for relief against defendants C. Campbell and R. L. Heise, but not against defendants R. Williams or R. J. Subia. The court gave plaintiff the option of pursuing his claims against Campbell and Heise only, or filing an amended complaint correcting the deficiencies in his claims against Williams and Subia. On April 10, 2008, plaintiff filed an amended complaint.

      The court has reviewed that amended complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. The court found that plaintiff stated a claim for retaliation in his initial complaint, and it is not clear that plaintiff intended to withdraw that claim. Thus, plaintiff will be given one final opportunity to correct the deficiencies in the amended complaint.

1

In the amended complaint, plaintiff alleges that defendant Campbell destroyed his personal property without providing plaintiff a written receipt and that Campbell refused to respond to plaintiff's grievances about the matter. Plaintiff asserts that R. L. Heise destroyed an administrative appeal in which plaintiff complained of Campbell's conduct. He also alleges that defendant Campbell thereafter wrote a false report stating that plaintiff had committed a battery on him, and R. L. Heise gave a supervisor false information, leading to plaintiff being placed into administrative segregation. He alleges that R. L. Williams, who conducted the hearing on the charge, was biased, refused to permit plaintiff to present evidence and found plaintiff guilty based on insufficient evidence. Williams revoked 150 days of time credit and ordered plaintiff placed in the Security Housing Unit (SHU) for one year. Plaintiff has submitted documents showing that he successfully challenged the adjudication, and the time credits were restored. Based on these allegations, plaintiff asserts that his rights under the First Amendment and under the Equal Protection and Due Process Clauses of the Fourteenth Amendment have been violated. As explained below, the court finds that plaintiff does not state a claim under any of these theories.

Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Prisoners have a First Amendment right to file prison grievances. *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003). However, there is no corresponding right to a response. *See McDonald v. Smith*, 472 U.S. 479, 482 (1985) (right to petition is a right of expression); *see also*, *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (plaintiff who alleged public officials violated his First Amendment to petition the government by not responding to his letters or taking the actions requested therein failed to state a claim). To state a claim for the violation of equal protection, a plaintiff must allege defendant intentionally discriminated against him based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998). Discrimination based

on characteristics other than race, alienage, national origin and sex must be rationally related to a legitimate state interest. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 440 (1985). To state a claim for the deprivation of procedural due process, plaintiff must allege the deprivation of a specific liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," without procedures adequate to protect the interest. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Such a hardship exists when conditions of confinement do not mirror those in other housing units, but rather "works a major disruption" in the prisoner's environment. *Sandin*, 515 U.S. at 486-87. Ordinarily, placement in disciplinary segregation works no such disruption. *Id.*, at 486. For such placement to be "atypical and significant," there must be some extraordinary circumstance or combination of circumstances that make the confinement markedly more severe than non-punitive housing. *Serrano v. Francis*, 345 F.3d 1071, 1078-79 (9th Cir. 2003) (placing handicapped prisoner in disciplinary housing not equipped to accommodate his needs and holding him there for nearly two months was an "atypical and significant hardship" compared to "the ordinary incidents of prison life.").

Plaintiff's allegations fail to state a claim under any of these theories. Furthermore, the court notes that the first amended complaint stated a claim for retaliation. The way in which plaintiff framed his allegations in the second amended complaint fails to state such a claim. It is not clear whether plaintiff intended to withdraw his retaliation claim. Thus, the court outlines the standard for stating such a claim and gives plaintiff one more chance to file an amended complaint.

To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.

2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

1 The court (and defendant) should be able to read and understand plaintiff's pleading within
2 minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants
3 with unexplained, tenuous or implausible connection to the alleged constitutional injury or
4 joining a series of unrelated claims against many defendants very likely will result in delaying
5 the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to
6 Fed. R. Civ. P. 41 for violation of these instructions.

7   A district court must construe pro se pleading "liberally" to determine if it states a claim
8 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
9 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,
10 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
11 the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*
12 *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

13   An amended complaint must be complete in itself without reference to any prior
14 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
15 files an amended complaint, the original pleading is superseded.

16   By signing an amended complaint he certifies he has made reasonable inquiry and has
17 evidentiary support for his allegations and that for violation of this rule the court may impose
18 sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules
19 require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison
20 authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

21   A prisoner may bring no § 1983 action until he has exhausted such administrative
22 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
23 *v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint he certifies his claims
24 are warranted by existing law, including the law that he exhaust administrative remedies, and
25 that for violation of this rule plaintiff risks dismissal of his action.
26 ////

1  Accordingly, the court hereby orders that the complaint is dismissed with leave to amend
2  within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which
3  must bear the docket number assigned to this case and be titled "Third Amended Complaint."
4  Failure to file an amended complaint will result in a recommendation this action be dismissed for
5  failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the
6  court will proceed with service of process by the United States Marshal.
7  Dated:  May 28, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE