# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. JOHNSON,

          Plaintiff,

vs.

R.J. SUBIA, *et al.*,

          Defendants.

Case No. 2:07-cv-02002-PMP-GWF

**ORDER & FINDINGS AND RECOMMENDATIONS**

This matter is before the Court on Plaintiff's Third Amended Complaint (#16), filed on June 16, 2008.

## BACKGROUND

On September 25, 2007, Plaintiff filed his Complaint (#1) against Defendants pursuant to 42 U.S.C. § 1983 claims. After reviewing the Complaint (#1), the Court found that Plaintiff stated cognizable claims for relief against Defendants C. Campbell and R.L. Heise; however, the Court found that Plaintiff's Complaint (#1) did not state a cognizable claim against Defendants R. Williams or R.J. Subia. *See Order (#9)*. The Court stated that Plaintiff may proceed forthwith to serve Defendants C. Campbell and R.L. Heise and pursue his claims against those Defendants, or he may delay serving any Defendant and attempt to state a cognizable claim against Defendants R. Williams and R.J. Subia. *Id.* On April 10, 2008, Plaintiff filed his Amended Complaint (#13). After reviewing the Amended Complaint (#13), the Court found that Plaintiff did not state a cognizable claim against any Defendant. *See Order (#15)*. The Court stated in Order (#15) that Plaintiff "stated a claim for retaliation in his initial complaint, and it is not clear that plaintiff intended to withdraw that claim. Thus, plaintiff will be given one final opportunity to correct the deficiencies in the amended complaint." *Id.*

As a general rule, an amended complaint supersedes the prior pleading, the latter being treated as non-existent. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Additionally, Local Rule 15-220 requires that an amended complaint must be complete in itself without reference to any prior pleading. Once the second amended complaint is filed, both the original complaint and the first amended complaint no longer serve any function is this case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff filed his Third Amended Complaint (#16), in compliance with Order (#15). The Court will now proceed with the screening of the Plaintiff's Third Amended Complaint (#16) pursuant to 28 U.S.C. §1915A.

In his First Claim of Review, Plaintiff alleges that Defendant Campbell destroyed his personal property without providing Plaintiff a written receipt and that Defendant Campbell refused to respond to Plaintiff's grievances regarding the matter. Plaintiff also alleges that Defendant Campbell denied Plaintiff his right to file a "602" complaint. In his Second Claim of Review, Plaintiff alleges that Defendant R. Heise denied Plaintiff his right to file a "602" complaint under Cal. Admin. Code Tit. 15, § 3084.1(a) . Plaintiff further alleges that Defendant Heise admitted that Defendant Heise "tore up" his "602" complaint against Defendant Campbell. Plaintiff alleges that the denial to file a "602" complaint is a violation of his First and Fourteenth Amendment rights. In his Third Claim of Review, Plaintiff alleges that Defendant R. Williams, who conducted a disciplinary hearing on Plaintiff's allegation for battery against Defendant Campbell, found Plaintiff guilty without sufficient evidence. Plaintiff alleges that Defendant Williams' finding of guilt is a violation of his right to due process.

## DISCUSSION

Prisoners have a First Amendment right to file prison grievances. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). However, prisoners do not have a right to any particular response. *See McDonald v. Smith*, 472 U.S. 479, 482 105 S.Ct. 2787, 2789 (1985) (right to petition is a right of expression); *see also Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (plaintiff who alleged public officials violated his First Amendment right to petition the government by not responding to his letters or taking the actions requested therein failed to state a claim). Here, the Court finds that Plaintiff's allegations that Defendant Campbell destroyed his personal property and refused to respond to

1  Plaintiff's grievances regarding the matter, which are nearly identical to his allegations in the Amended
2  Complaint (#13), are insufficient to state a claim under the First Amendment.
3  　　　To state a claim for retaliation, plaintiff must allege that on a specified date an individual state
4  actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and
5  the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate
6  penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778
7  F.2d 527, 531-32 (9th Cir. 1985).  The Ninth Circuit held that a chilling effect on a prisoner's First
8  Amendment right to file prison grievances is sufficient to raise a retaliation claim.  *Hines v. Gomez*, 108
9  F.3d 265, 269 (9th Cir. 1997) (citing *Sandin v. Conner*, 515 U.S. 472, 477, fn. 11, 115 S.Ct. 2293, 2302
10 (1995)).  After reviewing Plaintiff's Third Amended Complaint (#16), the Court finds that Plaintiff's
11 allegations that Defendants Campbell and Heise denied Plaintiff the right to file prison grievances do
12 state cognizable claims for retaliation.  Therefore, Plaintiff may proceed with this action against
13 Defendants Campbell and Heise pursuant to the First Amendment.
14 　　　To state a claim for the deprivation of procedural due process, plaintiff must allege the
15 deprivation of a specific liberty interest, which may arise independently under the due process clause or
16 as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate
17 in relation to the ordinary incidents of prison life," without procedures adequate to protect the interest.
18 *Sandin v. Connor*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 2299-2300 (1995).  Here, the Court finds that
19 Plaintiff's allegations that Defendant Williams found Plaintiff guilty of battery against Defendant
20 Campbell without sufficient evidence, which are nearly identical to his allegations in the Amended
21 Complaint (#13), are insufficient to state a claim under the Fourteenth Amendment.
22 　　　The screening of Plaintiff's Third Amended Complaint (#16) has been completed pursuant to
23 28 U.S.C. §1915A.  Accordingly,
24 　　　**IT IS HEREBY ORDERED** that the Clerk of the Court file Plaintiff's Third Amended
25 Complaint (#16).
26 　　　**IT IS FURTHER ORDERED** that this action shall proceed upon the retaliation claim of the
27 Third Amended Complaint (#16) against Defendants Campbell and Heise.
28 . . .

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide to Plaintiff a blank summons, a copy of the pleading filed June 4, 2008, two (2) USM-285 forms and instructions for service of process on Defendants Campbell and Heise.  Within 20 days of service of this Order, Plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three (3) copies of the endorsed June 4, 2008, complaint.  The Court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Campbell and Heise will be required to respond to Plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

**IT IS HEREBY RECOMMENDED** that Plaintiff's Third Amended Complaint (#16) against Defendant Williams should be **dismissed**, with prejudice for failure to state a claim upon which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of January, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**

4