# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. JOHNSON,

                Plaintiff,        Case No. 2:07-cv-02002-PMP-GWF

vs.                                **ORDER AND FINDINGS AND RECOMMENDATIONS**

R.J. SUBIA, *et. al.*,

                Defendants.     Motion to Dismiss (#41) and
                                           Motion to Proceed (#44)

      This matter is before the Court on Defendants R.L. Heise, Jr. and C. Campbell's Motion to Dismiss (#41), filed November 24, 2009; Plaintiff David B. Johnson's Opposition to Motion to Dismiss (#42), filed December 8, 2009; Defendants' Reply in Support of Motion to Dismiss (#43), filed December 17, 2009; and Plaintiff's Motion of Court to Proceed (#44)

## BACKGROUND

      On September 25, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that officials at the Mule Creek State Prison had violated his civil rights. (#1). The Court screened Plaintiff's Complaint and found that his claims of retaliation against Defendants C. Campbell and R.L. Heise were cognizable claims for relief. (#9). However, the Court dismissed Plaintiff's due process claims against Defendants R. Williams and R.J. Subia as failing to state a claim upon which may be granted. (*Id.*) Plaintiff was granted leave to amend his complaint if he believed he could cure the deficiencies in the claims against Defendants R. Williams and R.J. Subia. (*Id.*)

      Plaintiff filed his Amended Complaint on April 10, 2008. (#13). After reviewing the Amended Complaint, the Court found that Plaintiff had failed to state a cognizable claim against any Defendant.

(#15). However, the Court noted that Plaintiff "stated a claim for retaliation in his initial complaint,[1] and it is not clear that plaintiff intended to withdraw that claim" and granted Plaintiff one more opportunity to correct the deficiencies. (*Id.*)

On June 16, 2008, Plaintiff filed his Third Amended Complaint (#16), which the Court screened pursuant to 28 U.S.C. §1915A (#19). According to Plaintiff's Third Amended Complaint, on June 4, 2007, Correctional Officer Campbell destroyed his personal property without cause and failed to give Plaintiff a receipt for the property. (#16 at 7). On June 16, 2007, Plaintiff filed an administrative "602 complaint" against Campbell related to the June 4 incident. (*Id.*) When Plaintiff received no response to his 602 complaint from prison administrators, he filed another 602 complaint against Campbell on June 22, 2007. (*Id.*) Plaintiff alleges that the next day, June 23, he wrote out another 602 complaint form and gave it directly to Campbell. (*Id.* at 8).

According to the Third Amended Complaint, Defendant Campbell had a different account of what occurred on June 23. Campbell reported informed Sergeant Heise that Plaintiff had thrown the folded 602 complaint form at Campbell, rather than handing it to him, and that the folded papers struck Campbell in the chest. (*Id.* at 3). Campbell gave the 602 complaint to Heise and filed a complaint for battery against Plaintiff based on the incident. (*Id.* at 7-8). Plaintiff alleges that the 602 complaint form was never filed. (*Id.* at 8). Instead, Defendant Heise allegedly informed Plaintiff that the 602 complaint would not be filed as Heise had destroyed it. (*Id.* at 8). A month later, the prison held a disciplinary hearing on the charge that Plaintiff had committed battery. Plaintiff was found guilty. (*Id.* at 7-9). As a consequence, Plaintiff had 150 days of time credit revoked and was placed in the Security Housing Unit (SHU) for one year. (*Id.* at 9). Plaintiff successfully appealed this adjudication, arguing there was not sufficient evidence to prove a charge of battery, and his time credits were restored. (*Id.*)

---

[1] As a general rule, an amended complaint supersedes the prior pleading, the latter being treated as non-existent. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Additionally, Local Rule 15-220 requires that an amended complaint must be complete in itself without reference to any prior pleading. Once the amended complaint is filed, the original complaint no longer serves any function in this case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. However, as Plaintiff was proceeding *pro se*, the Court liberally interpreted his Amended Complaint to include the previously pleaded claim for retaliation. (#15).

Based on these allegations, Plaintiff claimed that 1) Campbell violated his First Amendment and Fourteenth Amendment rights by destroying his property, failing to respond to Plaintiff's numerous 602 complaints, failing to file Plaintiff's 602 complaint and charging Plaintiff with battery in retaliation for Plaintiff's filing of complaints, 2) Heise violated his First Amendment and Fourteenth Amendment rights by destroying Plaintiff's July 23, 2007 602 complaint and assisting Campbell in filing a battery charge against Plaintiff in retribution for Plaintiff's filing of 602 complaint forms, 3) R. Williams denied Plaintiff his Fourteenth Amendment due process rights by finding him guilty of battery based on insufficient evidence. (#16).

In screening Plaintiff's Third Amended Complaint, the Court dismissed[2] several of Plaintiff's causes of action for failure to state a cognizable claim that a constitutional right had been violated. (#19; #22).  The Court dismissed Plaintiff's Fourteenth Amendment due process claims against Defendant Williams because Plaintiff failed to sufficiently demonstrate the deprivation of a specific liberty interest as placement in disciplinary segregation did not constitute "a major disruption" in Plaintiff's environment. (#19 at 3 (citing *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995); #15 at 3).  In addition, the Court found that Plaintiff's allegations that Defendant Campbell destroyed his personal property and refused to respond to Plaintiff's grievances regarding the matter were insufficient to state a claim under the First Amendment.[3]  (#19 at 2-3).  However, the Court found that Plaintiff had stated a cognizable claim for retaliation under the First Amendment against Defendants Campbell and Heise based on his allegation that Defendants denied Plaintiff the right to file prison grievances. (#19 at 3). As a result, this action is proceeding solely upon Plaintiff's First Amendment retaliation claim that

---

[2] On May 28, 2009, the District Judge affirmed the Magistrate Judge's Findings and Recommendations and dismissed several of the claims in Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted. (#22).

[3] The Court noted that prisoners have a First Amendment right to file prison grievances, but do not have a right to any particular response. (#19); *see also McDonald v. Smith*, 472 U.S. 479, 482 105 S.Ct. 2787, 2789 (1985) (right to petition is a right of expression); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (plaintiff who alleged public officials violated his First Amendment right to petition the government by not responding to his letters or taking the actions requested therein failed to state a claim).

3

Campbell and Heise denied him the right to file prison grievances and falsely charged him[4] with battery.

## DISCUSSION

### I. Plaintiff's First Amendment Retaliation Claim Based on Allegedly False Claim of Battery

In it's screening of Plaintiff's Third Amended Complaint, the Court dismissed all causes of action except for Plaintiff's claim of retaliation under the First Amendment. Defendants claim in their Motion to Dismiss that Plaintiff's sole remaining claim is for retaliation by Defendants Campbell and Heise based on the allegations that Defendants denied Plaintiff the right to file prison grievances. (#41). However, Plaintiff's retaliation claim is based on two separate alleged actions of the defendants: 1) Defendants preventing Plaintiff from filing prison grievances and 2) Defendants filing a false charge of battery against Defendant.

Defendants' confusion as to what bases remain for Plaintiff's claim of retaliation is understandable. Plaintiff is a *pro se* litigant and his Third Amended Complaint was inartfully drafted. The Third Amended Complaint states claims under § 1983 for Defendants Campbell and Heise's alleged violations of Plaintiff's First and Fourteenth Amendment rights. (#16 at 7-8). However, the complaint did not expressly state whether the defendants' filing of an allegedly false charge of battery was the basis of a claim for violation of the First Amendment or the Fourteenth Amendment, or both. (*Id.*)

In addition, the Court failed to specifically address in its screening order whether the allegation that Defendants filed a false charge of battery constituted a cognizable retaliation claim under the First Amendment. (*See* #19). However, the language of the Third Amended Complaint includes sufficient factual allegations and details to constitute a cognizable claim for retaliation based on Defendants' filing of an allegedly false battery charge against Plaintiff as a form of reprisal for Plaintiff's filing of 602 complaints. (#16 at 7-8). Based on that language, the complaint gives the defendants fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As the Court never specifically dismissed the retaliation claim based on the false charge of

---

[4] See discussion of Plaintiff's remaining First Amendment Claims, *infra* pp. 4-5.

battery, the cause of action remains active. In addition, the Court now specifically finds that the Third Amended Complaint states a cognizable claim for retaliation based on the alleged false battery charge. (*See* #16). Plaintiff has alleged that an individual state actor took adverse action against him for his engagement in a constitutionally protected activity and that the adverse action chilled Plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Therefore, Plaintiff has sufficiently pled a second retaliation cause of action based on the filing of the battery charge.

**II.     Motion to Dismiss**

   **A.     Standard for Motion to Dismiss**

A court may dismiss a Plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While Rule 8 does not require detailed factual allegations, it demands more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Factual allegations must be enough to rise above the speculative level. *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123

(1969). In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown that the pleader is entitled to relief. *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

### B.     Defendants' Motion to Dismiss Retaliation Claim

A viable claim of First Amendment retaliation contains five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). Retaliation claims must be evaluated in light of the concerns of excessive judicial involvement in day-to-day prison management, and courts must therefore "afford appropriate deference and flexibility" to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995.) Prisoners have a constitutionally-protected right to file grievances and to pursue civil rights litigation without retaliation. *Rhodes*, 408 F.3d at 567; *Hines*, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance system).

. . .

. . .

. . .

### 1. Motion to Dismiss Claim Against Defendant Campbell

Defendants argue that the Court should dismiss the retaliation claim based on allegations that Defendant Campbell prevented Plaintiff from filing complaints against Campbell because Plaintiff has not alleged that Campbell engaged in retaliatory action. (#41 at 5). Plaintiff responds that Campbell's failure to respond to Plaintiff's 602 complaints constituted retaliatory action. (#42 at 2).

A prison official's failure or refusal to respond to a prisoner's complaint does not constitute a retaliatory action. While prisoners have a First Amendment right to file prison grievances, *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), they do not have a right to any particular response. *See McDonald v. Smith*, 472 U.S. 479, 482 105 S.Ct. 2787, 2789 (1985) (right to petition is a right of expression); *see also Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding a plaintiff who alleged public officials violated his First Amendment right to petition the government by not responding to his letters or taking the actions requested therein failed to state a claim). Plaintiff does not allege that Campbell stopped him from filing 602 complaints, only that Campbell did not respond to Plaintiff's numerous 602 complaints. The Court finds that Plaintiff is unable to demonstrate retaliatory action on this basis.

Alternatively, Plaintiff's Third Amended Complaint could be interpreted as arguing that Campbell chose, as a retaliatory act, not to file the 602 complaint that Plaintiff allegedly threw at him. However, the Third Amended Complaint only alleges that Campbell handed the 602 complaint to his supervisor, Sgt. Heise. (#16 at 7-8). The simple delivery of a prisoner's complaint to a supervisor, without more, does not constitute a retaliatory action. Plaintiff has not alleged that Campbell destroyed the 602 complaint or that he told Defendant Heise not to file it. As a result, Plaintiff's claim that Campbell retaliated against him by preventing Plaintiff from filing 602 complaints fails to state a retaliation claim upon which relief may be granted and the Court will recommend that the cause of action be dismissed.

### 2. Motion to Dismiss Claim Against Defendant Heise

Defendants argue that the retaliation claim against Defendant Heise based on his destruction of Plaintiff's 602 complaint should be dismissed because Heise did not know Plaintiff was engaging in protected conduct. (#41 at 5-6). Defendants argue that Heise was unaware whether or not the

grievance had ever been filed and merely destroyed paper that had been thrown at and struck a prison official. (*Id.*)

A prisoner's filing of a grievance constitutes protected conduct. *Bruce*, 351 F.3d at 1288. Here, Plaintiff allegedly threw his 602 complaint at Campbell. While this is not the proper procedure for filing a prison complaint, it is plausible that Plaintiff intended to file the complaint by filling it out and delivering it to Campbell. Similarly, it is plausible that a prison official, handed a completely filled out grievance form, would know that the prisoner intended to or attempted to file the complaint by giving it to the officer. As the officials at Mule Creek well know, prison is not a genteel institution. Prison guards and prisoners tend to have an antagonistic relationship. Within this context, it is not clear that a grievance issued in a violent, frustrated or offensive manner is not legitimate. It is similarly plausbile that prison officials would know a prisoner intended to file a filled out grievance even through it was improperly filed. In this instance, Defendant Heise was handed a filled out 602 complaint by Campbell. Based on these factual allegations, it is possible for Plaintiff to demonstrate through evidence that a prison guard handed a grievance form that the prisoner had taken time to fill with allegations against another prison guard would know that the prisoner intended to file the grievance. Therefore, the question of whether Heise knew Plaintiff attempted to file the grievance by giving it to Campbell is a question of fact, rather than law. The Court will deny Defendants' motion to dismiss the retaliation claim if Heise is not entitled to qualified immunity.

### 3. Qualified Immunity

"Qualified immunity serves to shield government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). If the law is not clearly established, or, if the Defendants could have reasonably believed that their conduct was lawful, they are entitled to qualified immunity. *Thompson v. Souza*, 111 F.3d 694, 698 (9th Cir. 1997). The Supreme Court has set forth the following two-pronged inquiry to resolve all qualified immunity claims:

> First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right? Second, if so, was that right clearly established? The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. This inquiry is wholly objective and is undertaken in light of the specific factual circumstances of the case.

*Id.* (internal quotations and citations omitted); *see also Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (stating whether "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the [defendants'] conduct violated a constitutional right. [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."). *Id.* Thus, a district court should "concentrate at the outset on the definition of the constitutional right and determine whether, on the facts alleged, a constitutional violation could be found." *Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir. 2002) (internal quotations and citations omitted). If a constitutional violation can be found, the court then decides whether the violation was the source for clearly established law that was contravened in the circumstances of the case. *Id.* "Whether a right is 'clearly established' for purposes of qualified immunity is an inquiry that 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' In other words, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Graves v. City of Coeur d'Alene*, 339 F.3d 828, 846 (9th Cir.2003) (quoting *Saucier*, 533 U.S. at 201-02 (other citations omitted)).

Under the first element of qualified immunity analysis, the Court finds that "taken in the light most favorable" to Plaintiff, the facts alleged show the officer's conduct violated a constitutional right. *See Thompson*, 111 F.3d at 698. The constitutional protection against retaliation is clearly established. The Ninth Circuit has pointed out that, "the prohibition against retaliatory punishment is 'clearly established law' . . . for qualified immunity purposes." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (citing *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir.1995)). As discussed above, taken in the light most favorable to Plaintiff, Sgt. Heise destroyed a prisoner's filled out grievance form after Plaintiff attempted to file the grievance in an improper and rude manner. An officer's choice to destroy a prisoner's grievance, rather than filing it, violation of Plaintiff's constitutional rights.

9

Under the second element of qualified immunity, Defendants argue the right was not established because it would not be clear to a reasonable officer that the destruction of paper thrown at another prison officer was unlawful. Defendants' argument fails to take into account that the grievance form was completed and not merely a blank form. Taken in the light most favorable to Plaintiff, the Third Amended Complaint alleges that Heise was aware that the 602 grievance form was filled out and Heise chose to destroy it. The Court finds that it would be clear to a corrections officer that the destruction of a filled out grievance form, even one tossed at an officer, constituted unlawful conduct. Therefore, Heise's conduct is not entitled to qualified immunity and the Court will deny Defendants' motion to dismiss the retaliation claim as to Heise.

### III.  Motion to Proceed

On July 6, 2010, Plaintiff filed a motion to proceed (#44). In light of the delay in ruling on Defendants' Motion to Dismiss (#41), the Court will set a discovery schedule in a separate order. Accordingly,

**IT IS HEREBY ORDERED** that Defendants R.L. Heise, Jr. and C. Campbell's Motion to Dismiss (#41) be **granted in part** and **denied in part**, as follows:

1. The Court will recommend that Defendants' motion to dismiss the retaliation claim against Defendant Campbell based on allegations that Campbell prevented Plaintiff from filing an administrative grievance be **granted**; and

2. The motion to dismiss the retaliation claim against Defendant Heise based on allegations that Heise destroyed Plaintiff's grievance is **denied**.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's retaliation claim against Defendant Campbell based on allegations that Campbell prevented Plaintiff from filing administrative grievances be **dismissed**. Plaintiff's allegations that Campbell failed to adequately respond to the grievance and prevented Plaintiff from filing the grievance when Campbell delivered the grievance to Heise fail to state a claim upon which relief may be granted.

. . .

. . .

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within twenty (20) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of September, 2010.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**