# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. JOHNSON,

                Plaintiff,            Case No. 2:07-cv-02002-PMP-GWF

vs.                                      **ORDER**

R.J. SUBIA, *et al.*,                     Motion to Take Plaintiff's
                                           Deposition (#50)
                Defendants.

        This matter is before the Court on Defendants' Request to Conduct Plaintiff's Deposition via Videoconference (#50), filed October 11, 2010 and Plaintiff's Objection of Deposition via Videoconference (#51), filed October 19, 2010.

## DISCUSSION

        Defendants request that the Court permit them to take the deposition of Plaintiff via videoconference in order to reduce the expenses involved. (#50). Plaintiff objects to allowing Defendants to take his deposition in any manner and argues any information sought by Defendants could be obtained through written requests. (#51).

        Plaintiff's objection to his deposition being taken is without merit. A party is entitled to depose any person, including a plaintiff. Fed.R.Civ.P. 30(a); *Hines v. California Public Utilities Com'n*, 2009 WL 3621878, *1 (N.D.Cal. October 29, 2009). *See also* Fed.R.Civ.P. 26(b)(1) (stating "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). Defendants are entitled to take the in-person, oral deposition of Plaintiff and the Court will not limit Defendants to written discovery.

. . .

Under Fed.R.Civ.P. 30(b)(4), a party may seek the Court's permission to take a deposition by telephone or other remote means. Under this provision, the Court finds Defendants' request to take Plaintiff's deposition via videoconference to be reasonable and will grant the present motion.

In addition, the Court finds that the present motion includes a motion for leave to take the deposition of a prisoner pursuant to Fed.R.Civ.P. 30(a). Under Fed.R.Civ.P. 30(a)(2)(B), a party "*must* obtain leave" of the Court in order to conduct the deposition of a deponent confined in prison. *Id.* (emphasis added). While the present motion does not specifically request leave to take the deposition of Plaintiff as a prisoner, a request for leave to conduct the deposition of a prisoner pursuant to Fed.R.Civ.P. 30(a)(2)(B) is implied within the request to take Plaintiff's deposition via videoconference from Mule Creek State Prison. The Court will grant Defendants leave to depose Plaintiff. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Request to Conduct Plaintiff's Deposition via Videoconference (#50) is **granted**.

DATED this 25th day of October, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**