# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. JOHNSON,              ) | |
|                                ) | |
|           Plaintiff,           ) | Case No. 2:07-cv-02002-PMP-GWF |
|                                ) | |
| vs.                            ) | **ORDER** |
|                                ) | |
| R.J. SUBIA, *et al.*,          ) | Motion to Appoint Counsel (#54) |
|                                ) | |
|           Defendants.          ) | |

        This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (#54), filed October 19, 2010.

        There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A court may only designate counsel pursuant to 28 U.S.C. § 1915(d) in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey*, 673 F.2d at 269; *Wilborn*, 789 F.2d at 1331.

        Plaintiff has not demonstrated that exceptional circumstances exist in this case. There is no indication in the present motion or the record that Plaintiff has made any efforts to secure counsel. In addition, the Court finds that the legal issues involved are not so complex that Plaintiff is unable to articulate his claims *pro se*. While Plaintiff alleges that certain questions from Defendants might be used against him in a criminal prosecution (#54), he has offered no

specific information to demonstrate that any criminal issues are at issue or related to this litigation, or, if they are, that he is unable to determine whether or not to exercise his right against self-incrimination. The meritoriousness of Plaintiff's claims is also unclear at this point in the case. Defendants have filed numerous documents requesting that the Court dismiss Plaintiff's claims entirely. (#s 41, 48 and 49). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. #54) is **denied**.

DATED this 26th day of October, 2010.

**GEORGE FOLEY, JR.**
**United States Magistrate Judge**